Jaime L.M. Jones*
Catherine D. Stewart*
Jane E. Fisher*
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
(312) 853-7000
jaime.jones@sidley.com
catherine.stewart@sidley.com
jane.fisher@sidley.com

Brenna E. Jenny*
Jillian S. Stonecipher*
Claire Homsher*
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
bjenny@sidley.com
jstonecipher@sidley.com
chomsher@sidley.com

[Additional Counsel Appear on Next Page]

*Attorneys for Defendants
Envision Healthcare Corporation,
EmCare Holdings, Inc., EmCare, Inc., and
Reimbursement Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, et al., ex rel. Caleb Hernandez, D.O., and Chionesu Sonyika, M.D., <br><br> Plaintiffs-Relators, <br><br> vs. <br><br> ScribeAmerica, LLC, KKR & Co., Inc., Envision Healthcare Corporation, EmCare Holdings, Inc., EmCare, Inc., and Reimbursement Technologies, Inc., <br><br> Defendants. | Case No. 2:21-cv-04324-FLA-AS <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANTS ENVISION HEALTHCARE CORPORATION, EMCARE HOLDINGS, INC., EMCARE, INC., AND REIMBURSEMENT TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> Date:          January 31, 2025 <br> Time:          1:30 p.m. <br> Location:    First Street Courthouse <br>                     Courtroom 6B <br>                     350 W. 1st Street, 6th Floor <br>                     Los Angeles, CA 90012 <br> Action Filed:    May 24, 2021 <br> Trial Date:       February 23, 2026 |

1 | [Additional Counsel Listed Below]

2 | Sean A. Commons (SBN 217603)
  | Marissa X. Hernandez (SBN 341449)
3 | **SIDLEY AUSTIN LLP**
  | 350 South Grand Avenue
4 | Los Angeles, CA 90071
  | Telephone: (213) 896-6000
5 | Facsimile: (213) 896-6600
  | scommons@sidley.com
6 | marissa.hernandez@sidley.com

7 | *Pro hac vice*

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Defendants Envision Healthcare Corporation, EmCare Holdings, Inc., EmCare, Inc., and Reimbursement Technologies, Inc. ("Envision Defendants") submit this reply in support of their request that the Court take judicial notice of filings and documents from federal court proceedings relevant to this case, comparison charts of complaints in those proceedings, documents publicly filed on government agency websites, news articles, and documents incorporated by reference in the First Amended Complaint ("FAC"). *See* Dkt. 141, Exs. A–Y.

## I.   INTRODUCTION

Relators' Caleb Hernandez, D.O., and Chionesu Sonyika, M.D.'s ("Relators") sole objection in their combined Opposition to the Envision Defendants' Motion to Dismiss and Opposition to Request for Judicial Notice is that the Envision Defendants improperly sought judicial notice as to "the truth of contents of a document." Pls.' Opp. to Envision Defs.' Mot. to Dismiss ("Opp.") 1–2. Not so. The Envision Defendants requested judicial notice of documents for purposes routinely considered by courts as part of motions to dismiss, namely: (1) court proceedings directly relevant to this case (Exs. A–F, I–L, W), (2) news articles (Exs. G–H), and (3) documents posted on government agency websites (Exs. S–V, X–Y). The Envision Defendants also appropriately asked the Court to consider Envision policy documents and Centers for Medicare & Medicaid Services ("CMS") documents incorporated by reference in the FAC (Exs. M–V). The Court should grant the Envision Defendants' Request for Judicial Notice. Dkt. 141.

## II.   ARGUMENT

### A.   The Court Can Take Judicial Notice of Court Proceedings.

"[J]udicial notice of proceedings in other courts is proper 'if those proceedings have a direct relation to matters at issue.'" *Oliver v. U.S. Bank Nat'l Ass'n*, No. 21-cv-07908, 2023 WL 2025030, at *3 (C.D. Cal. Feb. 15, 2023) (Aenlle-Rocha, J.) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). The Envision Defendants request judicial notice of Exhibits C–F and I–J because they are "copies of public

records . . . whose authenticity is not disputed," *United States v. Kimberly-Clark Corp.*, No. 2:14-cv-8313, 2017 WL 10439028, at *3 (C.D. Cal. July 14, 2017), and comparisons of those filings with the FAC, and they are relevant to the Court's consideration of whether the public disclosure bar has been triggered in this case as a result of prior qualifying public disclosures, and to whether the first-to-file bar was triggered by these prior actions. *See id.* (taking judicial notice of filings on other dockets for purposes of assessing the application of the public disclosure bar). The Court need only consider Exhibits C–F and I–J for purposes of assessing what was in the public realm and asserted in pending actions at the time, and not whether any of the contents are in fact true. *See Ronk v. Hudson*, No. 20-cv-09843, 2023 WL 9226930, at *2 (C.D. Cal. Nov. 13, 2023) (Aenlle-Rocha, J.); *see also United States ex rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018) ("The district court did not abuse its discretion in taking judicial notice of the seven [public] documents that [defendant] submitted to demonstrate public disclosure.").

The Envision Defendants request judicial notice of Exhibits A–B and K–L because they are copies of court filings in two False Claims Act *qui tam* lawsuits filed by the Relators in this case against two other emergency medicine providers, and comparisons of those filings with the FAC, and the duplication of these allegations in the instant case against the Envision Defendants is relevant to the Court's consideration of whether Relators have pled reliable indicia of the submission of false claims by the Envision Defendants. The Envision Defendants are not requesting that the Court accept allegations in the prior complaints as true. Rather, the Envision Defendants request that the Court take judicial notice that these complaints exist, along with comparisons between allegations in those complaints and the FAC, to establish the recycled nature of the allegations in this case. Such an exercise does not assume the truth of any allegation in the prior complaints. *See, e.g.*, *Missud v. City & Cnty. of S.F.*, No. 3:15-cv-05596, 2017 WL 1064984, at *3 (N.D. Cal. Mar. 21, 2017) (granting defendants' request for judicial notice of previously filed pleadings and related court orders to

support defendants' argument that plaintiff advanced identical claims and allegations in prior lawsuits against defendants as asserted in the present action).

Relators do not dispute that these are the types of documents that can be and are regularly judicially noticed, including specifically in FCA cases where defendants raise the public disclosure bar. Rather, Relators erroneously rely only on *Lee v. City of Los Angeles* to argue that the Envision Defendants improperly seek judicial notice as to the truth of the contents of the RJN's exhibits. Opp. 1–2. The *Lee* court held that it is improper to take judicial notice of disputed matters of fact to support a ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). This objection does not apply to Exhibits C–F and I–J, which are offered to establish what was in the public realm for purposes of the public disclosure bar and first-to-file bar. Similarly, with respect to Exhibits A–B and K–L, the Court need only consider them as context for the similarity in allegations Relators have raised against different healthcare providers.

The Envision Defendants also request judicial notice of Exhibit W, a copy of a transcript from a deposition taken of Relator Sonyika in one of these previously filed *qui tam* lawsuits against another healthcare provider, to provide further context regarding Relators' assertions about when and why physicians may sign certain records. Here, too, the transcript is not offered for the truth of its contents, but instead to show that Relator Sonyika believes that certain hospitals adopt policies that require physician signatures—a fact Relators do not dispute. *See, e.g.*, *Rasha v. BellSouth Telecomms., Inc.*, No. 1:05-CV-03305-JEC, 2009 WL 10697350, at *3 n.5 (N.D. Ga. Apr. 17, 2009) (concluding that a court "may take judicial notice of plaintiff's prior statements … to show plaintiff's awareness of, or belief in, certain factual assertions").

The Court should take judicial notice of Exhibits A–F, I–L, and W.

B.  **The Envision Defendants Request Judicial Notice of News Media Articles.**

Courts routinely take judicial notice of news media articles in connection with motions to dismiss, including in FCA cases for the purpose of determining motions to dismiss based on the public disclosure bar. *See, e.g.*, *U.S. ex rel. Moore v. Regeneron Pharms., Inc.*, No. 2:18-CV-09368, 2024 WL 4243026, at *4 & n.21 (C.D. Cal. July 31, 2024) (news media articles can be judicially noticed for purposes of assessing the application of the public disclosure bar). Relators have asserted no objection for why these news media articles cannot be considered for this limited purpose, and indeed Relators elected to add references to both news articles in the FAC. *See* FAC ¶¶ 31, 33. The Court should take judicial notice of Exhibits G and H.

C.  **The Envision Defendants Request Judicial Notice of Documents on Government Agency Websites.**

"Under Rule 201, the court can take judicial notice of 'public records and government documents available from reliable sources on the internet' such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017). The Envision Defendants request judicial notice of Exhibits S–V and X–Y, which are documents posted on CMS webpages. These documents "are matters of public record and available from reliable sources on the internet," and therefore "they are not subject to reasonable dispute." *Jones v. Beverly W. Healthcare, LLC*, No. 2:21-CV-05417, 2021 WL 4197133, at *2 (C.D. Cal. Sept. 14, 2021); *see also, e.g.*, *Cortez v. Parkwest Rehab. Ctr. LLC*, No. CV 21-05172 AB (ASX), 2021 WL 4033759, at *2 (C.D. Cal. Sept. 3, 2021); *U.S. ex rel. Jones v. Sutter Health*, 499 F. Supp. 3d 704, 709 (N.D. Cal. Nov. 6, 2020). These documents address relevant billing rules and certifications referenced in the FAC.

Relators' only apparent objection to the Court taking judicial notice of these Exhibits is to wrongly assert that the Envision Defendants cannot seek judicial notice

as to the truth of their contents. Opp. 1–2. The objection makes no sense, and Relators offer no example of a court refusing to consider such documents on this ground. Like with statutes and regulations, courts routinely consider the contents of official government guidance and policies due to their legal import when ruling on motions to dismiss. *See supra* at 4. The Court should take judicial notice of Exhibits S–V and X–Y.

### D. The Envision Defendants Have Properly Established a Foundation for Exhibits M-R to be Incorporated by Reference.

The Court also can consider Exhibits M–Q (Envision policy documents), Exhibit R (Envision email with Relator Sonyika), and Exhibits S–V (CMS enrollment form and CMS documents relating to billing and reimbursement) because Relators incorporated these documents by reference in the FAC. The purpose of the doctrine of incorporation by reference is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1117 (C.D. Cal. 2024). This doctrine serves an important prophylactic function. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (noting that the policy behind considering documents incorporated by reference in the complaint is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The Envision Defendants properly requested the Court incorporate by reference these exhibits because the FAC cites and relies upon erroneous and incomplete characterizations of Envision policies and communications, as well as CMS billing and reimbursement rules, to attempt to manufacture a fraud case. FAC ¶¶ 77, 182, 235, 246, 248 & n.18 (Envision policies and communications); FAC ¶¶ 76, 83, 88, 134, 135, n.30, & n.64 (CMS billing and reimbursement rules). These documents are central to Relators' claims. *See, e.g., In re Honda Idle Stop Litig.*, 694 F. Supp. 3d 1293, 1299

(C.D. Cal. 2023) (granting consideration of warranty booklets and service bulletins because pleading "contain[ed] several references … which are integral to supporting several of plaintiffs' claims"). But the complete documents contradict Relators' descriptions of them, and courts need not accept the truth of allegations in a complaint about documents that cannot be squared with the actual documents. *See, e.g., Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (affirming dismissal of claims when allegations of wrongdoing were contradicted by documents incorporated by reference in the complaint).

Relators' sole objection again appears to rest on *Lee*. *See* Opp. 13. This objection is misplaced. *Lee* does not suggest that courts must accept descriptions of documents in a complaint despite being provided copies of documents of undisputed authenticity that demonstrate the contrary. Relators fail to address the incorporation-by-reference standard at all or argue why it would not apply here. The Court should also consider Exhibits M–V under the incorporation-by-reference doctrine.

For example, the Envision Defendants asked this Court to consider the Envision policy documents Relators cited in the FAC. *See* Exs. M–Q. Relators seem to concede that the actual policy documents do not reflect fraud. Instead, they now suggest there is some "separate newer policy in which Envision directs physicians to toy with the law" that the Envision Defendants supposedly failed to attach. These baseless allegations are not in the operative pleading and a "court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," for new facts. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original); *see also, e.g., Haddock v. Countrywide Bank, NA*, No. 2:14-cv-06452, 2015 WL 9257316, at *7 (C.D. Cal. Oct. 27, 2015). Nor should the Court credit the FAC's characterizations of the Envision policies in ruling on the motion to dismiss, where those characterizations are contradicted by the documents incorporated by reference. *Compare* Ex. Q (policy noting that "[a] change in average charge >5% increase or >3% decrease as compared to previous month" or "[a] change

in % of critical care either >1.0% increase or >0.6% decrease over previous month" result in a "focused review performed by a coding supervisor") *with* FAC ¶ 173 n.50 (citing this same policy as if the policy provided that "if physicians are currently billing 0.5% critical care, EmCare notes that it needs this to be 3% and then, once that is met, EmCare pushes the physician to get it to 5%").

Similarly, Relators rely heavily on alleged characterizations of CMS billing and reimbursement rules in claiming that the Envision Defendants engaged in widespread fraud. Those allegations are contradicted by the pertinent CMS publications, which set forth the actual billing and reimbursement rules. For example, the FAC alleges that the Envision Defendants made an express false certification by signing a CMS Form 855A. FAC ¶ 134. CMS-855A form makes clear that only certain providers—not those at issue—submit the form (Ex. S). Relators insist that the Envision Defendants sign this form, Opp. 15–16, a fact contradicted on the face of Exhibit S and one that the Court accordingly need not and should not credit. Similarly, the FAC alleges that CMS billing rules require physicians to supervise mid-levels, treat patients "in tandem" with mid-levels, or direct patient care, FAC ¶¶ 253, 257, 259, a requirement that cannot be found in CMS's guidance during the relevant time period. *See* Ex. U. The FAC further asserts that the Envision Defendants required physicians to sign charts in order to falsely bill mid-level services under a physician's NPI. FAC ¶ 185 n.54. But Relators do not—and cannot—point to any requirement under relevant CMS guidance indicating either that physicians cannot sign charts absent a face-to-face visit or that charts signed by physicians are necessarily billed under that physician's NPI. *See* Ex. U.

The Court should consider Exhibits M–V under the doctrine of incorporation-by-reference.

///

///

///

///

### III. CONCLUSION

The Envision Defendants respectfully request that the Court take judicial notice of and/or consider under the doctrine of incorporation by reference Exhibits A–Y in support of their Motion to Dismiss.

DATED: January 10, 2025

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Jaime L.M. Jones
Jaime L.M. Jones*
Brenna E. Jenny*
Jillian S. Stonecipher*
Sean A. Commons
Catherine D. Stewart*
Claire Homsher*
Marissa X. Hernandez
Jane E. Fisher*

*Attorneys for Defendants Envision Healthcare Corporation, EmCare Holdings, Inc., EmCare, Inc., and Reimbursement Technologies, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Envision Healthcare Corporation, EmCare Holdings, Inc., EmCare, Inc., and Reimbursement Technologies, Inc. certifies that this brief contains 2,446 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 10, 2025

／s/ *Jaime L.M. Jones*
Jaime L.M. Jones